## MARDEN v. MARDEN.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

SPECIAL CALENDAR—PREFERRED CASES—ORDER ON NOTICE.

Although, under Code Civ. Proc. § 977, where a case is regularly on the special term calendar in New York county, and certain issues are ordered to be tried by a jury, no further notice of the trial of these special issues need be given, but an order may be entered directing them to be placed on the trial calendar, yet, in order to have them placed upon the special calendar for preferred causes, under section 791, subd. 10, and rule 3 of rules for regulation of trial terms in the First district, a special order to that effect must be procured, and this order, by the terms of the rule, can only be granted on two days' notice.

Appeal from special term.

Action by George S. Marden against Julia M. Marden. From an order denying motion of defendant to strike case from calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert H. Griffin, for appellant.

Wm. Gasten, for respondent.

INGRAHAM, J. This action was brought to obtain a divorce on the ground of adultery, and issue was joined by the service of an answer which denied the charges in the complaint. The case was noticed for trial at the special term, and was placed upon the special-term calendar. Subsequently a motion was made for a trial by a jury of the issues of adultery, and on the 21st day of January, 1898, an order was entered directing that certain issues as to the adultery of the defendant be stated for trial by a jury. On the same day the action appeared on the special-term calendar to have a day fixed for trial, but, upon the court being informed that the order for a trial by jury had been entered, the further trial of the action at special term was adjourned to the March term. Subsequently, and upon application of the plaintiff, without notice to the defendant, the issues thus framed for trial were placed upon the preferred calendar of the trial term, and the case set down for trial for the first Monday of February, and notice that the case had been so placed upon the calendar was served upon the attorney for the defendant. The defendant then made a motion to strike this case from the trial term calendar, which was denied, and from the order denying that motion this appeal is taken.

The case having been regularly noticed for trial, and a note of issue filed at the special term of the court, the case was before that court for trial, regularly noticed, under section 977 of the Code. Under the provisions of this section, where a party has served a notice of trial and filed a note of issue, for a term at which the cause is not tried, it is not necessary for him to serve a new notice of trial or file a new note of issue for a succeeding term, and the action must remain on the calendar until it is disposed of. Thus,

the case was regularly upon the special-term calendar, and was to remain upon that calendar until disposed of. The special term, instead of trying the issues of fact, directed that certain specified issues be tried before a jury. No section of the Code or rule of the court requires that there should be another notice of trial of these special issues. The order framing the issues could direct that such issues be placed upon the calendar of the trial term, or, if no such direction was contained in the order, the trial term could by order direct them to be placed upon such calendar. By rule 3 of the rules for the regulation of the trial terms, adopted for this district, it is provided that there shall be a special calendar upon which shall be placed all actions which have been awarded or are entitled to a preference; and there shall also be placed upon this calendar for trial all issues sent from the special term for trial by a jury, and all issues in equity actions as to which the parties are entitled by law to a jury trial, where such issues have been framed to be so tried. The effect of this rule is to give to cases of this kind a special preference under subdivision 10 of section 791 of the Code. A preference is there given to cases entitled to a preference under the general rules of practice, or by special order of the court in a particular case. This case came under rule 3 of the rules for the regulation of the trial terms of the supreme court in the First judicial district, which directed that these issues be placed upon the special calendar provided for by that rule, thus entitling the trial of such issues to a preference. To entitle a party to have the case placed upon the preferred calendar, he was required to give the two-days notice required by the rule. When the order was entered directing the issues to be tried by a jury the cause had been awarded a preference, and it thus came within the provision that any party entitled to have a case preferred may, upon two days' notice, apply to the court at trial term to have the case placed upon such preferred calendar. The subsequent provision of the section provided for cases which were not by special provision of the Code entitled to a preference, but which would be entitled to such a preference upon making the application before referred to, but that application must be on notice. We think, therefore, that the entry of these issues upon the calendar of the trial term for trial, without notice to the defendant, was unauthorized, and that the court should have stricken the case from the calendar.

The order appealed from is reversed, with $10 costs and disbursements, and the motion granted. All concur.